### James McIlwain v. Herbert Gaebe.

1. INSTRUCTIONS—*must not assume facts in dispute.* An instruction is improper which assumes the existence of facts upon which the evidence is in conflict.

2. MALPRACTICE—*when admission of evidence in action for, prejudicially erroneous.* In an action for malpractice, it is error to admit evidence to the effect that the plaintiff sought to obtain a bill for the services of the defendant but without success.

Action in case. Appeal from the Circuit Court of Washington county; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the February term, 1907. Reversed and remanded. Opinion filed September 13, 1907.

J. T. GIBBS, J. PAUL CARTER and L. D. TURNER, for appellant.

B. B. HOLSTON and J. A. WATTS, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Washington county, to recover damages for alleged injuries resulting to appellee, by reason of the alleged

failure and neglect on the part of appellant to bestow upon appellee the requisite knowledge, skill and care due from a physician to his patient. Trial by jury. Verdict and judgment in favor of appellee for $1,500.

This case was before this court at a former term and an opinion was filed at the August term, 1906. In that opinion the general features of the case are quite fully stated and need not be restated here. 128 Ill. App. 209.

Upon this appeal many errors are assigned and insisted upon. There are, however, but three of them that we deem it necessary to discuss.

The trial court gave to the jury, at the instance of appellee, the following instruction:

"5. The court instructs the jury, that if under the evidence in this case the jury finds for the plaintiff, then in estimating the damages, they have a right to take into consideration the injuries sustained by the plaintiff, if you believe from a preponderance of the evidence that the plaintiff has sustained injury as a result of the want of ordinary care, attention and skill of the defendant as physician and surgeon,—the additional pain and suffering, if you believe from the preponderance of the evidence, that plaintiff has undergone additional pain and suffering, and also any permanent injury that you believe from a preponderance of the evidence the plaintiff has sustained. That it is not necessary that any witness should swear to any amount of damage."

We are of opinion this instruction was misleading and probably did mislead the jury. The clause, "also any permanent injury that you may believe from a preponderance of the evidence the plaintiff has sustained," we think, assumes that if appellant had given appellee proper care and treatment, no permanent injury could have resulted from the broken bones and dislocated elbow, which appellant was called to treat. The best possible care and treatment might have not resulted in complete recovery and perfect restoration

McIlwain v. Gaebe.

and have relieved appellee from "any permanent injury," and there is no presumption of law that such would have been the case. The giving of this instruction was material and substantial error.

One of the material issues in the case was, whether or not appellant did discover the location of the elbow joint. In respect to this issue, complaint is made by appellant of the ruling of the trial court in sustaining an objection to a question asked one of appellee's witnesses on cross-examination. The witness was appellee's mother, and she had testified that she could see that the elbow joint was then out of place and told appellant that it was out of place. On cross-examination she was asked: "Q. Could he have seen that?" She answered, "He could have seen it." Counsel for appellant then said, "And did not see it and that is what you complain of in this case?" To this an objection was interposed by counsel for appellee and sustained by the court. This ruling of the court was not error. This witness had made no statement in her testimony as to what she claimed and she was not a party to the suit. The part of the question referring to what the witness complained of in this case was wholly immaterial. If the question had been confined to whether appellant did or did not see the elbow joint was then out of place, the witness might properly have been required to answer, if she could do so. We note this here for the reason that there may be another trial of this case.

During the progress of the trial, the father of appellee was permitted to testify, over appellant's objections, as follows: "I called Dr. McIlwain to treat the boy. He has not been paid for his services." "Q. Explain to the jury why? A. I went down January 13, 1905, and told Dr. McIlwain I wanted to pay my bill. He said he did not have it and it would take him some time to make it out. I told him to make it out and he said he had to go to the country. I told him to send it to me, but he never did send it."

This testimony was wholly immaterial and not relevant to any issue in the case, and from it the jury would be likely to draw an unwarranted inference prejudicial to appellant. The admission of this testimony was material and substantial error.

For the errors above noted, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*